**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
CHRISTOPHER CAPORASO          :    Civ. No. 3:16CV00521(SALM)
                              :
v.                            :
                              :
RAYMOND DONNELLY, TODD        :
BROUILLETTE, and H. NELSON    :
ABARZUA                       :    August 19, 2019
                              :
------------------------------x
```

## RULING ON DEFENDANTS' MOTIONS IN LIMINE [Docs. #72, #73, #76]

Defendants Raymond Donnelly and H. Nelson Abarzua[1]
(hereinafter the "firefighter defendants") have filed a motion
in limine seeking to preclude plaintiff from introducing at
trial (1) any evidence of economic damages and (2) the report of
Dr. Terrance Donahue. [Doc. #72]. Defendant Todd Brouillette
("defendant Brouillette") has filed two motions in limine.
[Docs. #73, #76]. The first motion seeks "to exclude any expert
testimony of Dr. Balazs Somogyi, MD, or Doctor Terrance Donahue,
MD, written or verbal[.]" Doc. #73 at 1. The second motion seeks
"to exclude any evidence, testimony or argument that the
Plaintiff has suffered economic loss or damages because no

---

[1] Defendants' motion, filed on July 31, 2019, reflects a
different spelling of defendant Abarzua's last name. See Doc.
#72. The correct spelling, as reflected in this Ruling, was
addressed during the Court's August 8, 2019, status conference
and is reflected in plaintiff's Second Amended Complaint. [Doc.
#88].

documentation or evidence of such has been disclosed in the discovery process[.]" Doc. #76 at 1. Plaintiff Christopher Caporaso ("plaintiff") has not responded to defendants' motions in limine.[2] For the reasons articulated below, defendants' motions in limine [**Docs. #72, #73, #76**] are **GRANTED, absent objection.**

**However**, the Court reserves ruling until the final pre-trial conference and/or trial concerning whether plaintiff may testify about his claimed economic damages related to the alleged loss of maple syrup.

## I. BACKGROUND

The Court presumes familiarity with the factual background of this matter, and details only that procedural background relevant to the below discussion.

On April 1, 2016, plaintiff filed this action against defendants pursuant to 42 U.S.C. §1983. [Doc. #1]. On June 20, 2016, Judge Alfred V. Covello entered a Scheduling Order (hereinafter the "Scheduling Order") in this matter. [Doc. #13]. The Scheduling Order required, in pertinent part, that: (1) all discovery, including depositions of expert witnesses, be completed on or before March 15, 2017; (2) plaintiff disclose

---

[2] The firefighter defendants and defendant Brouillette are hereinafter sometimes collectively referred to as the "defendants."

the identity of any expert witness he may use at trial, along with that expert's written report, on or before October 15, 2016; and (3) any party with a claim for damages provide a damages analysis to the opposing party on or before October 15, 2016. See Doc. #13 at 1.

The deadline by which plaintiff was to produce his damages analysis was extended to October 28, 2016. See Docs. #21, #22. The Scheduling Order was also extended to permit the parties until June 2, 2017, to depose fact witnesses. See Docs. #24, #25. The parties did not seek to extend any other deadlines. On July 6, 2017, the parties filed a Joint Trial Memorandum. [Doc. #33].

On May 6, 2019, the parties filed a Consent to Jurisdiction by United States Magistrate Judge. [Doc. #56]. On that same date, this case was transferred to the undersigned. [Doc. #57]. On June 11, 2019, the undersigned entered a Final Pre-Trial Scheduling Order. [Doc. #62]. In pertinent part, that Order required that on or before the close of business on June 19, 2019, the parties file any amendments to the original Joint Trial Memorandum. Id. at 2. The Order also required that any motions in limine be filed by the close of business on August 1, 2019, and any oppositions to those motions be filed by the close of business on August 16, 2019. See id. at 3.

Defendants filed their motions in limine on July 31, 2019. See Docs. #72, #73, #76. On that same date, the Court entered an Order noting that in accordance with the Final Pre-Trial Scheduling Order, any responses to the motions in limine were due on or before August 16, 2019. See Doc. #74. The Court cautioned: "Failure to file an objection to the Motions in Limine may result in the motions being granted absent objection." Id. (sic). Plaintiff has failed to file any objections to the pending motions in limine.

Jury selection is scheduled for September 30, 2019, with trial to begin on October 1, 2019. See Doc. #61.

## II.  LEGAL STANDARD

The purpose of a motion in limine is to allow the court to rule in advance of trial on the admissibility of anticipated evidence. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (citation and internal quotation marks omitted). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 536

(E.D.N.Y. 2011). "Indeed, courts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context." Id. "[T]he court's ruling regarding a motion in limine is 'subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected].'" Id. (quoting Luce, 469 U.S. at 41).

## III. **DISCUSSION**

Defendants generally seek to preclude plaintiff from introducing at trial: (1) evidence of any economic damages; and (2) expert testimony (both written and verbal) and reports. See generally Docs. #72, #73, #76. Defendants contend that such evidence should be excluded from trial because it was not produced or otherwise disclosed during the course of discovery. See generally id. The Court addresses each category of evidence in turn.

### A.   Economic Damages

The firefighter defendants seek an order precluding plaintiff from introducing any evidence of economic damages. See generally Doc. #72. Specifically, the firefighter defendants contend: (1) "plaintiff has never provided the defendants with any medical bills related to treatment for injuries allegedly sustained in the incident giving rise to this lawsuit[;]" (2) "plaintiff has not provided the defendants with any proof of" plaintiff's alleged $1,800 loss for 30 gallons of maple syrup;

and (3) "plaintiff concedes in his compliance with discovery that he is making no claim for losses related to hospital and medical expenses, lost earnings of any kind, or any other business related losses." Doc. #72 at 1-2. The firefighter defendants assert that plaintiff "has never produced any documentation regarding economic losses of any kind, including in his Damages Analysis dated October 27, 2016." Id. at 3.

Defendant Brouillette similarly seeks an order excluding from trial

> any evidence, testimony or argument that the Plaintiff has suffered economic loss or damages because no documentation or evidence of such has been disclosed in the discovery process, the Plaintiff abandoned any claim that the incident giving rise to this incident caused a loss of earnings when deposed and the Plaintiff's discovery responses stated the only economic loss suffered was some maple syrup.

Doc. #76 at 1.

Each defendant claims that if plaintiff were able to claim economic damages at this late date, the defendant would suffer severe prejudice. See Docs. #72 at 1, #76 at 4.

For the reasons stated in defendants' motions and to the extent that the motions seek to preclude the introduction of evidence regarding any alleged economic damages, except those related to the claimed loss of maple syrup, the Court **GRANTS, absent objection**, defendants' motions in limine [**Docs. #72, #76**]. See, e.g., Mikulec v. Town of Cheektowaga, 302 F.R.D. 25,

29-30 (W.D.N.Y. 2014) (precluding evidence of economic damages

where plaintiff (1) failed to comply with Rule 26(a)'s initial

discovery disclosures concerning damages and (2) offered no

explanation for his failure to comply with the requirements of

Rule 26(a)). The Court will consider the issue of plaintiff's

proposed testimony concerning the claimed loss of maple syrup

further at the final pre-trial conference.[3]

    B.   Expert Testimony

The firefighter defendants next seek "an order precluding

the introduction of the March 2019 report of Dr. Donahue and any

evidence of a permanency rating to the plaintiff's right hand."

Doc. #72 at 3. The firefighter defendants seek to preclude such

evidence because it was received "years after the close of

discovery[]" and "is unduly prejudicial to the defendants, who

will not otherwise have a chance to depose Dr. Donahue, request

an Independent Medical Exam, or otherwise defend the alleged

claim of injury and permanency." Id. at 2.

    Similarly, defendant Brouillette

> moves the Court to exclude any expert testimony of Doctor
> Balazs Somogyi, MD, or Doctor Terrance Donahue, MD,
> written or verbal, because it is an attempt to introduce

---

[3] The Court intends to afford the parties an opportunity to argue
why the Court should preclude plaintiff from testifying about
the alleged loss of the maple syrup. The Court will also address
whether plaintiff's representation that plaintiff is "not
attempting to prove any quantified monetary damage because
there's no documentation[,]" also applies to the claim for the
alleged loss of maple syrup. Doc. #76-2 at 6.

> expert opinion well outside of the deadline set by the
> scheduling order in this case, they were not disclosed
> as experts in the original Joint Trial Memorandum and no
> disclosures of experts compliant with the Federal Rules
> of Civil Procedure have been filed.

Doc. #73 at 1. Defendant Brouillette "does not seek total

exclusion regarding these witnesses, just exclusion of expert

opinions or evidence." Id.

Defendant Brouillette objects to the introduction at trial

of Dr. Somogyi's report dated June 7, 2019, and disclosed on

June 21, 2019. See id. at 2. This "report offers an opinion that

the Plaintiff has suffered a permanent injury and assigns an

impairment rating based on AMA guidelines of 16 percent to the

right upper extremity." Id. All defendants also object to the

introduction at trial of Dr. Donahue's report, dated March 4,

2019, which was disclosed on March 26, 2019. See id. at 3. That

report "offers an opinion that the plaintiff has suffered a

seven percent disability to his hand." Id. The Court presumes

that defendants also seek to exclude any expert testimony

concerning the permanency/disability ratings contained in those

reports.

Federal Rule of Civil Procedure 26(a)(2)(D) provides: "A

party must make [expert] disclosures at the times and in the

sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). As

previously noted, plaintiff's expert disclosures were due nearly

three years ago, on October 15, 2016. See Doc. #13. Discovery

closed over two years ago on March 15, 2017. See id. Not only did plaintiff fail to disclose his experts within the time mandated by Judge Covello's Scheduling Order, he also failed to do so before the close of discovery.

In assessing whether to preclude an expert's testimony or report, the Court considers the following factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997) (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir. 1988)).

Here, the Court finds that three of these factors weigh in favor of precluding the expert testimony and reports of Dr. Somogyi and Dr. Donahue. Plaintiff has failed to proffer any explanation for the failure to comply with Judge Covello's Scheduling Order. Although the expert testimony is likely important to plaintiff's case, allowing either doctor to testify as an expert would be greatly prejudicial to defendants, who have not had an opportunity to depose either doctor. Further, the Court will not entertain the possibility of a continuance. This case is over three years old and is set for trial in six

weeks. The Court will not permit any further delays in bringing this matter to a resolution. Indeed, it would be highly prejudicial and a waste of judicial resources to reopen discovery at this late date. See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless.").

This Court has the authority to manage its docket by, among other things, setting and enforcing deadlines. The plaintiff has failed to comply with the Court-imposed deadlines for the disclosure of expert witnesses, providing notice of these proposed expert witnesses more than **two years** after the October 2016 deadline. Accordingly, for the reasons stated, defendants' motions in limine to exclude the expert testimony and reports of Dr. Somogyi and Dr. Donahue are **GRANTED, absent objection. [Docs. #72, #73].** See Hunt v. CNH Am. LLC, 511 F. App'x 43, 45 (2d Cir. 2013) (affirming exclusion of a late-filed supplemental expert report that was disclosed "after the close of expert discovery and without any request for an extension of the deadline[]"); Derisme v. Hunt Leibert Jacobson, P.C., No. 3:10CV244(VLB), 2011 WL 5403056, at *2 (D. Conn. Nov. 8, 2011) (granting motion to preclude party from identifying an expert after the expert discovery deadline).

The Court hereby precludes Dr. Somogyi and Dr. Donahue from offering any written or verbal expert testimony or reports (as defined in Federal Rules of Evidence) at trial. Dr. Somogyi and Dr. Donahue may testify as fact witnesses only if, and to the extent, such testimony is admissible under the Federal Rules of Evidence.

## IV.  <u>CONCLUSION</u>

For the reasons articulated above, defendants' motions <u>in limine</u> [**Docs. #72, #73, #76**] are **GRANTED, absent objection.**

**<u>However</u>**, the Court reserves ruling until the final pre-trial conference and/or trial concerning whether plaintiff may testify about his claimed economic damages related to the alleged loss of maple syrup.

SO ORDERED at New Haven, Connecticut this 19th day of August, 2019.

_____/s/_____

HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
